UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MARY ELIZABETH SCHIPKE,
    *Plaintiff*,

v.

STATE OF CONNECTICUT, *et al.*,
    *Defendants*.

No. 3:17-cv-02087 (JAM)

**ORDER GRANTING MOTION TO DISMISS
OF DEFENDANT OUR LADY OF MT. CARMEL CHURCH**

Plaintiff Mary Elizabeth Schipke has filed a *pro se* complaint against sixteen defendants, including Our Lady of Mt. Carmel Church. The Church has now moved to dismiss, and I will grant this motion.

For purposes of a motion to dismiss for failure to state a claim, the Court must accept as true all factual matters alleged in a complaint, although a complaint may not survive unless the facts it recites are enough to state plausible grounds for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014). This "plausibility" requirement is "not akin to a probability requirement," but it "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Because the focus must be on what facts a complaint alleges, a court is "not bound to accept as true a legal conclusion couched as a factual allegation" or "to accept as true allegations that are wholly conclusory." *Krys v. Pigott*, 749 F.3d 117, 128 (2d Cir. 2014).

Plaintiff alleges that she is a citizen of Connecticut and that the Church is located in Connecticut. Accordingly, because the parties are not citizens of different States, this Court only

has jurisdiction over plaintiff's action if plaintiff alleges a claim for relief that arises under federal law. *See, e.g.*, *Abubakari v. Jianchao Xu*, 2018 WL 2971099, at *1 (D. Conn. 2018).

All of Schipke's claims arise from her belief that she has ancestral property rights to a certain home that is next door to the Church on Goodwill Avenue in Meriden, Connecticut. The property—referred to by plaintiff as her "Ancestral Family Home"—was owned by Schipke's family members for many years, and the complaint chronicles how plaintiff's "Aunt Rose" lived there in 2014 when Schipke traveled across country to return to her ancestral home but only to find that she was not welcome there. Doc. #1 at 19–20.

The complaint alleges that the Church violated Schipke's rights in two ways. First, Schipke claims that on some unspecified date "the resident priest called in the original call to 9-1-1 claiming Head Plaintiff **MARY ELIZABETH SCHIPKE** – was criminally trespassing and burglarizing her own property – and attempted to falsely claim legal ownership of said property, stating: 'the home would be bulldozed and turned into a parking lot for the church.'" Doc. #1 at 15. These facts do not give rise to any conceivable claim for relief under federal law. To the extent that these facts might be construed to allege a claim for false arrest or malicious prosecution, the complaint does not allege any consequent arrest or other seizure of Schipke as would be required for a Fourth Amendment claim of false arrest or malicious prosecution. *See Spak v. Phillips*, 138 F. Supp. 3d 159, 161 (D. Conn. 2015), *aff'd*, 857 F.3d 458 (2d Cir. 2017).

Second, the complaint alleges that plaintiff learned that "[o]ver one million dollars ($1,000,000.00) [that] Aunt Rose won in the lottery is missing, and is believed to have been embezzled" by various defendants including the Church. Doc. #1 at 20–21. This stray allegation is not accompanied by any additional facts and therefore is inadequate on its face to give rise to plausible grounds for relief. Moreover, there are no facts to suggest that Schipke would have

standing to complain about any monies that the Church took from her aunt. In addition, even assuming such facts to be true, they do not give rise to a violation of any right under federal law, especially considering that the Church is not a governmental actor. *See Betts v. Shearman*, 751 F.3d 78, 84 (2d Cir. 2014).

## CONCLUSION

For the reasons set forth above, the motion to dismiss (Doc. #21) is GRANTED without prejudice. The Clerk of Court shall terminate Our Lady of Mt. Carmel Church as a defendant in this action.

It is so ordered.

Dated at New Haven this 26th day of September 2018.

/s/*Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge